**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Lira,<br><br>  Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>  Respondents. | No. CV-13-01989-PHX-DGC<br><br>**ORDER** |

Pending before the Court are Petitioner Victor Lira's petition for writ of habeas corpus (Doc. 1), United States Magistrate Judge James Metcalf's Report and Recommendation ("R&R") (Doc. 16), and Petitioner's objections to the R&R (Doc. 17). The R&R recommends that the Court deny the petition, and, if the Court adopts the R&R findings, that a certificate of appealability be denied. Doc. 16 at 32. The Court will accept the R&R with slight modifications, deny the petition, and deny the certificate of appealability.

**I.    Background.**

In 2005, Petitioner was involved in a knife fight. He fatally cut the victim and then drove away in the victim's car with her purse and cash. Doc. 16 at 1-2. Petitioner was charged in Pinal County Superior Court with first-degree murder, armed robbery, and theft. On September 13, 2007, he was indicted in a second indictment on charges of second-degree murder, automobile theft, and armed robbery. *Id.* at 2. The two indictments were consolidated. *Id.* Petitioner entered into a plea agreement with the state

in which he agreed to plead guilty to manslaughter. *Id.* On April 8, 2008, the plea was accepted and Petitioner was sentenced to 19 years in prison. *Id.*

On October 1, 2013, Petitioner, through his counsel, filed a petition for writ of habeas corpus on the following two grounds: (1) insufficient factual basis for the plea, and (2) ineffective trial counsel.

**II.   Legal Standard.**

A party may file specific, written objections to an R&R within ten days of being served with a copy the R&R. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a de novo review of those portions of the R&R to which specific objections are made. *See id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1).

**III.   Analysis.**

Petitioner objects to the R&R's recommendations that (1) Petitioner's insufficient factual basis claim should be denied for lack of merit; (2) Petitioner's ineffective assistance of counsel claim should be denied for lack of merit; and (3) Petitioner should not be granted a certificate of appealability. Doc. 17 at 1.

**A.   Insufficient Factual Basis.**

Petitioner objects to the R&R's finding that a factual basis was not required because he did not protest his innocence. Doc. 17 at 4. "[T]he due process clause does not impose on a state court the duty to establish a factual basis for a guilty plea absent special circumstances." *Rodriguez v. Ricketts*, 777 F.2d 527, 528 (9th Cir. 1985); *see also Loftis v. Almager*, 704 F.3d 645, 648 (9th Cir. 2012) ("habeas courts have held that, unless a plea is accompanied by protestations of innocence or other 'special circumstances,' the Constitution does not require state judges to find a factual basis"). A special circumstance, such as a "defendant's protestation of innocence," may "impose on a state court the constitutional duty to make inquiry and to determine if there is a factual

1  basis for the plea." *Id.* "When a defendant pleads guilty or no contest without claiming
2  innocence or otherwise making statements calling into question the voluntariness of his
3  plea . . . the finding of a factual basis is not essential to voluntariness." *Loftis*, 704 F.3d
4  at 650.

5  During his change of plea hearing, Petitioner responded to the court's question of
6  whether his cut led to the victim's ultimate death by saying: "[i]t's never been – they
7  never established that." *Id.* Petitioner contends that he thereby "expressed his belief that
8  he was not responsible for the victim's death." Doc. 17 at 6. The R&R found, however,
9  that "Petitioner merely equivocated on whether the prosecution had 'established' that he
10 was the cause of death, he did not assert that he in fact was not." Doc. 16 at 15. The
11 Court agrees that Petitioner's assertion was not a protestation of innocence.

12 Petitioner contends that he attempted to "unequivocally express his innocence,"
13 but he was "cut off by his own counsel." Doc. 17 at 6. The record does not support this
14 contention. When Petitioner's counsel stated that "there's every reason to believe that it
15 was this cut or more than one cut that did lead to her death," the Court asked whether
16 Petitioner was satisfied by the investigation conducted by his attorney. He responded
17 "[y]es." Doc. 16 at 14. Because "it is the defendant's duty to assert innocence," and
18 Petitioner did not do so, the state court did not need to find a factual basis for the plea.
19 *Id.* at 15; *Orman v. Cain*, 228 F.3d 616, 621 (5th Cir. 2000).

20 Petitioner also objects to the R&R's finding that he did not assert that the state
21 court's decision was "unsupported by sufficient evidence." Doc. 16 at 6. Pursuant to 28
22 U.S.C. § 2254(d)(2), "[a]n application for a writ of habeas corpus . . . shall not be granted
23 . . . unless the adjudication of the claim. . . . resulted in a decision that was based on an
24 unreasonable determination of the facts in light of the evidence presented in the State
25 court proceeding." When a petitioner makes a challenge based on an unreasonable
26 determination of the facts, the "challenge may be based on the claim that the finding is
27 unsupported by sufficient evidence." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir.
28 2004).

Petitioner argues that the state court "should have established the factual record on more than unreliable hearsay statements." Doc. 17 at 7. As the R&R noted, however, Petitioner did not provide any authority that "makes a state court's reliance on what might ultimately turn out to be inaccurate testimony an unreasonable determination." Doc. 16 at 16. Therefore, the R&R found, Petitioner did not challenge the sufficiency of the evidence in supporting the state court's decision. *Id*. The Court agrees.

But even if the Court were to accept Petitioner's contentions that he did challenge the sufficiency of evidence, the state court's decision was not based on an unreasonable determination of the facts. According to Petitioner's statements during the plea colloquy, he cut the victim in the left breast area. Doc. 16 at 19. The prosecutor stated that, according to the medical examiner's report, there was a "puncture wound to that area . . . that ended up puncturing her lung that may have been one of the fatal wounds." *Id.* at 20. Moreover, the trial court considered information from the first and second grand jury transcripts which included evidence that (1) the autopsy listed the cause of death as stab wounds to the neck and torso; (2) Petitioner had been using marijuana and methamphetamine prior to his knife fight with the victim; (3) Petitioner stated he was fighting the victim's cousin, the victim intervened and he cut her on her shoulder; (4) the victim's cousin was elderly, suffering from diabetes and Hepatitis C, and was a hospice patient; (5) the victim sustained a variety of knife wounds to her chest, throat area, shoulder, knee, and skull, some of which were defensive in nature; (6) Petitioner said he accidentally stabbed victim at least once or a couple of times – he was unsure of how many; and (7) the victim engaged in a violent struggle, with defensive wounds, blood spatter on three walls, and the bed torn apart. Doc. 16 at 20-21. Given this information, there is strong evidence that Petitioner committed manslaughter by "recklessly causing the death of another person" pursuant to A.R.S. § 13-1103. The Court finds that the state court's determination did not constitute an unreasonable determination of fact.

**B.  Ineffective Assistance of Counsel.**

Petitioner objects to the R&R's finding that the claims of ineffective assistance of

counsel lack merit. Doc. 17 at 8-11. To establish ineffective assistance of counsel, a petitioner must show (1) counsel's representation fell below an objective standard of reasonableness, and (2) she was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 688-92 (1984). To establish prejudice, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is one "sufficient to undermine confidence in the outcome." *Id.* "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

A court's "[r]eview of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." *United States v. Ferreira-Almeda*, 815 F.2d 1251, 1253 (9th Cir. 1986) (citation omitted). Moreover, courts are reminded to make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

The R&R found that "in light of the grand jury transcripts, any objection by trial counsel, even efforts to introduce the autopsy report or explicit denials from Petitioner, would not have eliminated the trial court's ability to find a sufficient factual basis." Doc. 16 at 25; *see Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) (finding that failure to take a futile action can never be deficient performance). Petitioner contends that his counsel behaved unreasonably by failing to "address and advocate Petitioner's belief that he was not the cause of the victim's death." Doc. 17 at 9. Yet, as the R&R correctly found, "[a] guilty plea is not a trial," and "defense counsel at a guilty plea proceeding is seeking to effectuate and secure to the defendant the benefits of a plea agreement." Doc. 16 at 26. Therefore, "reasonable counsel often seeks to facilitate the establishment of a factual basis, rather than seeking to destroy it." *Id*. The Court agrees that under these circumstances, counsel did not act deficiently.

The R&R also found that "even if counsel was deficient, Petitioner fails to establish prejudice." *Id.* at 27.  "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).  Applying *Hill*, the R&R found that Petitioner did not provide any support for the contention that "had counsel opposed the factual basis he would have refused to plead guilty and would have proceeded to trial."  Doc. 16 at 28.  Moreover, the R&R found that Petitioner did not present any "viable reason why he would have proceeded to trial." *Id.* at 30.

Relying on *Strickland* and *Hill*, Petitioner contends that he need only show that he would have rejected the manslaughter plea in order to satisfy the prejudice requirement.  Doc. 17 at 10.  Yet, the language of *Hill* plainly states that satisfaction of the *Strickland* prejudice prong requires finding that the petitioner would not have pled guilty and would have insisted on going to trial.  *Hill*, 474 U.S. at 59; *see also Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012); *Smith v. Mahoney*, 611 F.3d 978, 986 (9th Cir. 2010).  The R&R correctly applied the proper standard.  Therefore, the Court agrees that Petitioner did not satisfy the prejudice requirement.

### C. Certificate of Appealability.

Petitioner argues that the R&R's recommendation to deny a certificate of appealability should not be accepted because there is disagreement over whether the state court satisfied its fact finding obligations.  Doc. 17 at 11-12.  A certificate of appealability can be issued only if a petitioner has "made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A substantial showing, when the district court's decision to dismiss is based on procedure, requires that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or

that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.*

Absent special circumstance, the state court does not have a constitutional duty to determine a factual basis for the plea. *Rodriguez*, 777 F.2d at 528. Because Petitioner did not protest his innocence, a finding of factual basis for the plea was not required. Moreover, even if a finding of factual basis were constitutionally required, the Petitioner's statements made during the plea colloquy and the grand jury testimony were strong evidence of guilt. Accordingly, the Court accepts the R&R's recommendation.

**IT IS ORDERED:**

1. The R&R (Doc. 16) is **accepted in part and modified in part** as set forth in this order.
2. Petitioner's petition for writ of habeas corpus (Doc. 1) is **denied**.
3. A certificate of appealability is **denied**.

Dated this 23rd day of April, 2014.

David G. Campbell
United States District Judge